Approved, SCAO

Original - Court
1st copy - Defendant

2nd copy - Plaintiff
3rd copy - Return

| STATE OF MICHIGAN | | |
|---|---|---|
| 17th JUDICIAL DISTRICT / JUDICIAL CIRCUIT / COUNTY PROBATE | **SUMMONS** | CASE NO. 20-03046-CL |

Court address: 180 Ottawa Ave NW, Grand Rapids, MI 49503

Court telephone no. (616) 632-5220

**Plaintiff's name(s), address(es), and telephone no(s).**
Doris M. Bethany
1138 Prince Street, SE
Grand Rapids, MI 49507
(616) 459-7974

v

**Defendant's name(s), address(es), and telephone no(s).**
Ventra Grand Rapids 5 Industries
3075 Breton Road, SE
Grand Rapids, MI 49512
(616) 222-3296

**Plaintiff's attorney, bar no., address, and telephone no.**
Susan J. Knoll (P74975)
SCHENK BONCHER & RYPMA
601 3 Mile Rd NW
Grand Rapids, MI 49544
(616) 647-8277

PAUL J. DENENFELD
(P 36982)

Instructions: Check the items below that apply to you and provide any required information. Submit this form to the court clerk along with your complaint and, if necessary, a case inventory addendum (form MC 21). The summons section will be completed by the court clerk.

**Domestic Relations Case**
☐ There are no pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.
☐ There is one or more pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint. I have separately filed a completed confidential case inventory (form MC 21) listing those cases.
☐ It is unknown if there are pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

**Civil Case**
☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035.
☐ MDHHS and a contracted health plan may have a right to recover expenses in this case. I certify that notice and a copy of the complaint will be provided to MDHHS and (if applicable) the contracted health plan in accordance with MCL 400.106(4).
☑ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.
☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in ☐ this court, ☐ _____ Court, where it was given case number _____ and assigned to Judge _____.

The action ☐ remains ☐ is no longer pending.

Summons section completed by court clerk.        **SUMMONS**

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons and a copy of the complaint to file a written answer with the court and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.
4. If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

| Issue date: MAY 1 8 2020 | Expiration date: AUG 1 7 2020 | Court clerk: LISA POSTHUMUS LYONS |
|---|---|---|

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

MC 01 (9/19) SUMMONS        MCR 1.109(D), MCR 2.102(B), MCR 2.103, MCR 2.104, MCR 2.105

**SUMMONS**
Case No.

**PROOF OF SERVICE**

TO PROCESS SERVER: You are to serve the summons and complaint not later than 91 days from the date of filing or the date of expiration on the order for second summons. You must make and file your return with the court clerk. If you are unable to complete service you must return this original and all copies to the court clerk.

**CERTIFICATE / AFFIDAVIT OF SERVICE / NONSERVICE**

☐ **OFFICER CERTIFICATE**    OR    ☐ **AFFIDAVIT OF PROCESS SERVER**

I certify that I am a sheriff, deputy sheriff, bailiff, appointed court officer, or attorney for a party (MCR 2.104[A][2]), and that: (notarization not required)

Being first duly sworn, I state that I am a legally competent adult who is not a party or an officer of a corporate party, and that: (notarization required)

☐ I served personally a copy of the summons and complaint. **All attachments, statements and exhibits**
☐ I served by registered or certified mail (copy of return receipt attached) a copy of the summons and complaint, together with _____
List all documents served with the summons and complaint

_____ on the defendant(s):

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |

☐ I have personally attempted to serve the summons and complaint, together with any attachments, on the following defendant(s) and have been unable to complete service.

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |

I declare under the penalties of perjury that this proof of service has been examined by me and that its contents are true to the best of my information, knowledge, and belief.

| Service fee $ | Miles traveled Fee $ | | Signature |
| Incorrect address fee $ | Miles traveled Fee $ | TOTAL FEE $ | Name (type or print) |
| | | | Title |

Subscribed and sworn to before me on _____, _____ County, Michigan.
Date

My commission expires: _____   Signature: _____
Date                                                Deputy court clerk/Notary public

Notary public, State of Michigan, County of _____

**ACKNOWLEDGMENT OF SERVICE**

I acknowledge that I have received service of the summons and complaint, together with _____
Attachments

_____ on _____
Day, date, time

_____ on behalf of _____.
Signature

STATE OF MICHIGAN
IN THE 17th CIRCUIT COURT FOR THE COUNTY OF KENT

DORIS M. BETHANY,

    Plaintiff

v.

VENTRA GRAND RAPIDS 5 INDUSTRIES,

    Defendant.

Case No. 20-03046-CL

Hon. Paul Denenfeld

Susan J. Knoll (P74975)
SCHENK BONCHER & RYPMA
Attorneys for Plaintiff
601 3 Mile Road, NW
Grand Rapids, MI 49544-1601
(616) 647-8277

## COMPLAINT

**There is no other pending or resolved civil litigation arising out of the same transaction or occurrence as alleged in this Complaint.**

NOW COMES PLAINTIFF, Doris Bethany, by and through her attorneys, Schenk Boncher & Rypma, and for her Complaint against Defendant states as follows:

### JURISDICTION & VENUE

1. Doris Bethany (Plaintiff) is an individual residing in Grand Rapids, Kent County, Michigan.

2. Defendant, Ventra Grand Rapids 5, (Defendant) also known as the Flex-N-Gate Corporation, is a Michigan automotive products and systems corporation with a manufacturing plant located in Grand Rapids, Kent County, Michigan.

3. Plaintiff was hired by Defendant to work at its Grand Rapids, Kent County, Michigan plant beginning on or about September 6, 2016.

4. Plaintiff alleges that on or about August 28, 2017, Defendant wrongfully terminated Plaintiff's employment for the reasons set forth more fully below.

5. The events of this alleged wrongful termination occurred at Defendant's Grand Rapids, Kent County, Michigan manufacturing plant.

6. The amount in controversy is within the jurisdiction of this honorable court because Plaintiff claims damages in excess of $25,000.00.

WHEREFORE, venue is proper in the 17th Circuit Court for the County of Kent, Michigan.

## GENERAL ALLEGATIONS:

7. Paragraphs 1 through 6 above are incorporated by reference as if set forth fully herein. Plaintiff identifies as a gay, black female.

8. Plaintiff worked on Defendant's assembly line as an assembly operator and auditor.

9. While Plaintiff worked on Defendant's assembly line, she was continually and repeatedly sexually harassed by several co-workers as set forth more fully below.

10. Plaintiff reported the harassment to Defendant.

11. Defendant's response to Plaintiff's complaints of sexual harassment was to tell Plaintiff that she had brought it on herself by behaving in a friendly manner to her co-workers.

12. Defendant failed to do anything further to investigate Plaintiff's complaints of sexual harassment.

13. Defendant failed to do anything further to discourage or to prevent Plaintiff's further harassment by her co-workers.

14. Defendant's failure to investigate and to prevent and/or discourage Plaintiff's continued harassment created a hostile work environment for Plaintiff.

## COUNT I: SEXUAL HARASSMENT

15. Paragraphs 1 through 14 above are incorporated by reference as if set forth fully herein.

16. Defendant violated both State of Michigan and federal civil rights laws when it allowed its employees to engage in sexually-harassing conduct, which was sufficiently severe or pervasive enough to alter the conditions of Plaintiff's employment and create a hostile work environment without ever fully investigating Plaintiff's complaints related to that conduct.

   a. Defendant violated Michigan's Elliot Larson Civil Rights Act (hereinafter ELCRA):

      i. Pursuant to MCL 37.2103(I), sexual harassment means unwelcome sexual advances, requests for sexual favors, and other verbal or physical conduct or communication of a sexual nature under the following conditions:

         (1) The conduct or communication has the purpose or effect of substantially interfering with an individual's employment, public accommodations or public services, education, or housing, or creating an intimidating, hostile, or offensive employment, public accommodations, public services, educational, or housing environment.

      ii. Pursuant to MCL 37.2202(1)(a), an employer shall not discharge or otherwise discriminate against an individual with respect to employment because of sex.

      iii. Pursuant to MCL 37.2202(1)(b), an employer shall not limit, segregate or classify an employee in a way that deprives or tends to deprive the

    employee of an employment opportunity, or otherwise adversely affects the status of an employee because of sex.

   iv. Pursuant to MCL 37.2202(1)(c), an employer shall not segregate, classify, or otherwise discriminate against a person on the basis of sex with respect to a term, condition, or privilege of employment.

 b. Defendant also violated Title VII of the Federal Civil Rights Act of 1964 (herein after Title VII).

   i. Pursuant to 42 USC 200e-2, it shall be an unlawful employment practice for an employer:

    (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or

    (2) to limit, segregate, or classify employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee because of such individual's race, color, religion, sex, or national origin.

17. Specific Instances of Sexual Harassment

 a. Incident #1:

   i. Sometime in November or December 2016, Plaintiff had a flirtatious relationship with a co-worker named Gloria.

    ii.    When Gloria found out that Plaintiff has a significant other, the two of them ended their flirtation.

    iii.    Gloria's friend Keisha was apparently unhappy about the way the relationship between Plaintiff and Gloria unfolded and ended.

    iv.    Keisha then began to verbally harass Plaintiff, calling her hateful names and making crude remarks.

        (1)    Keisha told Plaintiff that Keisha's mother hates gays and that Keisha's mother would hate Gloria, too.

    v.    Plaintiff complained in writing to Defendant's Human Resources Department about Keisha's behavior (**EXHIBIT 1**: Ventra Associate Statement of Facts dated 12/8/2016)

    vi.    Human Resources did nothing to prevent this behavior from continuing.

    vii.    Plaintiff continued to be subjected to name-calling by Keisha and others in the workplace thereafter.

b.    Incident #2:

    i.    On or about February 8, 2017, Kartina (hereinafter Kartina) asked Plaintiff for her Facebook name.

    ii.    Plaintiff thought it would be okay to connect with Kartina as a platonic friend on Facebook.

    iii.    Kartina wrote down her own Facebook name on a piece of paper to give to Plaintiff.

    iv.    Kartina placed the piece of paper with her Facebook name directly into the breast pocket of Plaintiff's shirt, as a patron would do at a strip club, rather

than placing it in Plaintiff's hand.

    v. Plaintiff informed Kartina that she was not interested in being anything more than Kartina's platonic friend.

    vi. Kartina continued to make sexually suggestive comments to Plaintiff.

    vii. Plaintiff complained in writing to Defendant's Human Resources Department about Kartina's behavior. (**EXHIBIT 2**: Ventra Employee Statement of Facts dated 3/2/2017)

    viii. Human Resources did nothing to prevent this behavior from continuing.

    ix. Plaintiff continued to be subjected to sexually suggestive remarks by Kartina in the workplace thereafter.

c. Incident #3:

    i. On or about February 10, 2017, despite Plaintiff informing Kartina that she was not interested in being anything more than a platonic friend, Kartina began making sexually explicit remarks to Plaintiff.

    ii. Plaintiff again told Kartina that she was not interested in anything more than a platonic relationship with her and began to avoid Kartina.

    iii. Subsequently, Kartina began to follow Plaintiff around at Defendant's Grand Rapids manufacturing plant.

    iv. Whenever Plaintiff noticed Kartina following her, Kartina would call Plaintiff names.

    v. Plaintiff complained in writing to Defendant's Human Resources Department about Kartina's behavior.

    vi. Human Resources did nothing to prevent this behavior from continuing.

  vii. Plaintiff continued to be subjected to name-calling by Kartina and others in the workplace thereafter.

 d. Incident #4:

  i. On or about June 13, 2017, Plaintiff went to the restroom at Defendant's Grand Rapids manufacturing plant.

  ii. Unbeknownst to Plaintiff, Kartina was in a stall in the restroom at the time Plaintiff entered.

  iii. Plaintiff was bent over one of the sinks in the restroom when Kartina exited her stall.

  iv. Kartina noticed Plaintiff and observed that there was a department store tag on the back of Plaintiff's pants.

  v. Kartina alerted Plaintiff to the tag by poking her finger into Plaintiff's anus and asking Plaintiff whether she had left the tag on her pants intentionally because she intended to return them.

  vi. Later, another of Plaintiff's co-workers, Tracy Thompson (herein after Thompson) approached Plaintiff at work and informed her that Kartina had told Thompson that she had poked Plaintiff in the anus in the restroom. Plaintiff was greatly embarrassed by this revelation.

  vii. Kartina's conduct toward Plaintiff had the effect of creating an intimidating and hostile employment environment.

  viii. Plaintiff complained in writing to Defendant's Human Resources Department about Kartina's behavior. (**EXHIBIT 3**: Ventra Employee Statement of Facts dated 6/16/2017)

      ix.    Human Resources did nothing to prevent this behavior from continuing.

      x.    Plaintiff continued to be subjected to name-calling by Kartina and others in the workplace thereafter.

18. Each of these incidents caused Defendant to violate the ELCRA:

    a.    Each of these incident violated section 2103(I) of the ELCRA because they consisted of unwelcome sexual advances, verbal and physical conduct and communication that had the effect of substantially interfering with Plaintiff's employment and created an intimidating, hostile, and offensive employment environment.

    b.    Each of these incidents further violated section 2103(I) of the ELCRA because they caused Defendant to discriminate against Plaintiff when Defendant's Human Resources Department told Plaintiff that she brought these incidents on her self by being too friendly to her co-workers, but did nothing to prevent Plaintiff's co-workers from continuing to make these unwelcome sexual advances, continuing to participate in verbal and physical conduct and communication that effectively interfered with Plaintiff's employment and created an intimidating, hostile, and offensive employment environment.

    c.    Defendant's reaction to each of these incidents violated section 3302(1)(a) of the ELCRA because they caused Defendant to discriminate against Plaintiff with respect to employment because of sex.

    d.    Defendant's reaction to each of these incidents also violated section 2202(1)(b) of the ELCRA because they caused Defendant to limit, segregate or classify Plaintiff in a way that deprived her of employment opportunities and otherwise adversely

affected her status as an employee because of sex.

19. Each of these incidents also caused Defendant to violate the FCRA:

   a. Defendant's reaction to each of these incidents violated section 200e-2 because they caused Defendant to discriminate against Plaintiff with respect to the terms, conditions, and privileges of her employment because of sex.

   b. Defendant's reaction to each of these incidents also further violated section 2000e-2 because they caused Defendant to limit, segregate, and classify Plaintiff in a way that deprived her of employment opportunities and otherwise adversely affected her status as an employee because of her sex.

## COUNT II: FAILURE TO FOLLOW CORPORATE PROCEDURE

20. Paragraphs 1 through 19 above are incorporated by reference as if set forth fully herein.

21. Pursuant to Defendant's Hourly Employee Handbook, personal harassment includes hostile or offensive actions based on sexual orientation. (**EXHIBIT 4**: Ventra Hourly Associate Handbook)

22. Section 12 of Defendant's Hourly Employee Handbook states that Ventra does not allow harassment of others, and that any associate who violates this policy may be subject to discipline, up to and including discharge.

23. Defendant's complaint procedure, which is outlined in Section 12(B) of its Hourly Employee Handbook states that all complaints or concerns about harassment, sexual or otherwise, will be promptly and carefully investigated in a discrete and confidential manner.

24. This sexual harassment was so sufficiently harsh and persistent that it created a hostile work environment for Plaintiff.

25. Plaintiff's reaction to this hostile work environment caused her to dress differently so as to avoid unwanted sexual harassment by Defendant's gay employees on the production line.

26. This harassment was reported twice by Plaintiff to Human Resources in writing as is required by Defendant's complaint procedure as outlined in its Hourly Employee Handbook.

27. However, the harassment was never promptly or carefully investigated; in fact, it was never investigated at all.

28. As a result of this uncorrected sexual harassment,

   a. Plaintiff began dressing more like a female in order not to attract unwanted attention from other gay females employed at Defendant's factory;

   b. Plaintiff took care not to be too friendly to any of her assembly line co-workers in general, and Kartina in specific.

   c. Plaintiff was left vulnerable to continued sexual harassment; and

   d. Plaintiff continued to be sexually harassed.

29. Rather than investigate Plaintiff's complaints of sexual harassment, Defendant fired Plaintiff on or about August 28, 2017.

30. Defendant violated Title VII and the ELCRA by creating or tolerating a workplace filled with intimidation, insult, or ridicule sufficiently severe and pervasive enough that it altered the conditions of Plaintiff's employment and created an objectively hostile and abusive working environment.

31. Defendant alleged that the reason for Plaintiff's firing was that it had received too many doctor's notes and excuses related to Plaintiff's breast cancer.

32. As required, Plaintiff complained to the Equal Employment Opportunity Commission (EEOC) about this and other behavior by Defendant.

33. The EEOC gave Plaintiff a Right to Sue letter on this claim. (**EXHIBIT** 5: US EEOC Notice of Right to Sue)

WHEREFORE, Plaintiff demands an award of damages in whatever amount she is found to be entitled in excess of $25,000.00, plus statutory interest, costs and attorney fees.

Date: April 7, 2020

SCHENK BONCHER & RYPMA

By: _____
Susan J. Knoll (74975)
Attorney for Plaintiff

## JURY DEMAND

NOW COMES Plaintiff, by and through her attorneys, Schenk, Boncher & Rypma, and hereby requests a jury trial in this action.

SCHENK BONCHER &RYPMA

Dated: April 7, 2020

By: _____
Susan J. Knoll (P74975)
Attorney for Plaintiff